JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -2 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 705

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PLASTIC BAG PRODUCTION PATENT AND ANTITRUST LITIGATION

TRANSFER ORDER*

This litigation presently consists of two actions pending in two federal districts: one action each in the Northern District of Illinois and the District of Massachusetts. Before the Panel is a motion by Gloucester Engineering Co., Inc. (Gloucester), a defendant in each action, to transfer the Illinois action to the District of Massachusetts, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings with the action pending in that district. The other six defendants in the Illinois action support Gloucester's motion. FMC Corporation (FMC), the sole plaintiff in each action, opposes centralization. If the Panel nevertheless concludes that centralization is appropriate, then FMC favors selection of the Northern District of Illinois as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these two actions involve common questions of fact and that centralization under Section 1407 in the District of Massachusetts will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because both actions involve, inter alia, alleged infringement of several United States patents held by FMC, the validity of those patents and alleged violation by FMC of federal antitrust laws. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Three Illinois defendants -- Reifenhauser GmbH & Co. Maschinenfabrik, Stiegler GmbH Maschinenfabrik and M. Lehmacher & Sohn GmbH Maschinenfabrik -- support Gloucester's motion but seek to attach certain conditions to the Panel's order of transfer. We decline to impose such conditions, noting that 1) transfer under Section 1407(a) is for pretrial proceedings only; 2) although discovery heretofore completed in the Massachusetts action may be made applicable to the Illinois action by utilizing the procedures outlined in the Manual for Complex Litigation, Second, §21.422 (1985), any party is still free to approach the transferee judge regarding any reasonable discovery needs; and 3) the motions presently pending in the Illinois action can be presented to and decided by the transferee judge.

---

* Judge Louis H. Pollak took no part in the consideration of this matter.

We are persuaded that the District of Massachusetts is the appropriate transferee forum for this litigation. We note that 1) FMC commenced the Massachusetts action more than seven months before it commenced the Illinois action; 2) pretrial proceedings are more advanced in the Massachusetts action than in the Illinois action; and 3) seven of the eight parties that have stated a position on this question prefer the District of Massachusetts as the transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Illinois be, and the same hereby is, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

## Schedule A

MDL-705 -- IN RE PLASTIC BAG PRODUCTION PATENT AND ANTITRUST LITIGATION

### Northern District of Illinois

FMC Corp., v. Gloucester Engineering Co., Inc., et al.,
C.A. No. 86-C-3697

### District of Massachusetts

FMC Corp., v. Gloucester Engineering, Co., Inc., et al.,
C.A. No. 85-3664-WD

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 14 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 705

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PLASTIC BAG PRODUCTION PATENT AND ANTITRUST LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been reassigned to the Honorable A. David Mazzone, in accordance with the Local Rules for the United States District Court for the District of Massachusetts,

IT IS THEREFORE ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable A. David Mazzone for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

_____
Andrew A. Caffrey
Chairman